**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Miscellaneous Action No. 96-y-00203-M

In re Special Grand Jury 89-2                                **Filed Under Seal**

---

**Government's Statement Regarding Procedures on Remand**

---

The United States, by Assistant U.S. Attorney John Haried, submits the following statement concerning the procedures the Court should follow upon remand:

### I.  Summary of Government's Position

First, the former grand jurors have misconstrued the Tenth Circuit's opinion.  The Tenth Circuit did not determine, as the former grand jurors claim, that grand jury material should be disclosed to anyone.  Instead, the Tenth Circuit left that determination to this Court in the first instance.

Second, the former grand jurors' position here has a fatal flaw.  The law limits disclosure of grand jury matters to those situations where disclosure is necessary to avoid an injustice in another "judicial proceeding."  The former grand jurors' position – as set forth in their statements – ignores that fundamental legal requirement; but the Tenth Circuit did not ignore it in its opinion.  Instead, the Tenth Circuit reaffirmed the "judicial proceeding" requirement as core requirement when evaluating requests for disclosure.

The Tenth Circuit did determine that "the disclosures sought by the grand jurors are, with perhaps a few modest exceptions, governed by Rule 6(e)." *In re Special Grand Jury 89-2,* 450 F.3d 1159, 1177 (10th Cir. 2006). The first thing that this Court must do is determine whether the requested disclosures are "preliminarily to or in connection with a judicial proceeding." Because there is no such "judicial proceeding" here, the Court should deny the petition.

Understandably, the former grand jurors are frustrated that they did not have plenary authority to independently investigate every issue at Rocky Flats, to indict everyone they wanted, or to issue a report describing their thoughts about Rocky Flats. At substantial personal cost, they participated in the process and it did not turn out as they wanted. But the law does not empower the grand jurors themselves to act independently of the prosecutors, to investigate matters beyond the commission of crimes, or to advise the public generally on matters of public interest. The grand jury is not a general investigative body; its purpose is to investigate crimes. While the authority of the grand jury is substantial, the law has created checks and balances. The law requires that an indictment may be returned only upon the joint agreement of the grand jury and the prosecutor. U.S. CONST., AMEND. V; F.R.Crim.P. 7. Thus, in the same way that the grand jury is a check on the government's power to indict, the law provides that the prosecutors are a check on the power of the grand jury in order to prevent mistakes and injustices. *Fields v. Saloff,* 920 F.2d 1114, 1117 (2nd Cir. 1990).

## II.  Additional Pertinent Facts

The former grand jurors seek to have law enforcement authorities and ethics officials impose sanctions upon former Chief Judge Sherman G. Finesilver and various former prosecutors.  As the Court knows, Chief Judge Finesilver passed away in 2006.  Thus, he is unable to respond to or defend against the former grand jurors' allegations.  Each of the prosecutors who managed the Rocky Flats investigation and subsequent plea agreement no longer work for the Department of Justice.

## III.  Rule 6(e) Analysis

The former grand jurors seek disclosure of grand jury materials under F.R.Crim.P. 6(e)(3)(E)(1), which states that a court may authorize disclosure of a grand jury matter "preliminarily to or in connection with a judicial proceeding."

The Supreme Court has held that the requirement of a "judicial proceeding" reflects a deliberate legislative policy choice to limit disclosures of matters occurring before the grand jury:

> The provision in (C)(I) that disclosure may be made "preliminarily to or in connection with a judicial proceeding" is, on its face, an affirmative limitation on the availability of court-ordered disclosure of grand jury materials. In our previous cases under Rule 6(e), we have not had occasion to address this requirement in detail, focusing instead on the requirement that the moving party show particularized need for access to grand jury materials. See [*United States v.*] *Sells* [*Engineering, Inc.*]*, ante,* at ---- - ----, 103 S.Ct., at 3147 - 3149, and cases cited. The two requirements, though related in some ways,[FN4] are independent prerequisites to (C)(I) disclosure. The particularized need test is a criterion of *degree;* the "judicial proceeding" language of (C)(I) imposes an additional criterion governing the *kind* of need that must be shown. <u>It reflects a judgment that not every beneficial purpose, or even every valid</u>

3

> governmental purpose, is an appropriate reason for breaching grand jury secrecy. Rather, the Rule contemplates only uses related fairly directly to some identifiable litigation, pending or anticipated. Thus, it is not enough to show that some litigation may emerge from the matter in which the material is to be used, or even that litigation is factually likely to emerge. The focus is on the *actual use* to be made of the material. If the primary purpose of disclosure is not to assist in preparation or conduct of a judicial proceeding, disclosure under (C)(I) is not permitted. See *United States v. Young,* 494 F.Supp. 57, 60-61 (ED Tex.1980).
>
>> FN4. The particularized need test requires that the materials sought be "needed to avoid a possible injustice in another judicial proceeding" and that the moving party's request be "structured to cover only material so needed." *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 222, 99 S.Ct. 1667, 1674, 60 L.Ed.2d 156 (1979) (footnote omitted). See generally *id.,* at 221-224, 99 S.Ct., at 1674-1676; *United States v. Sells Engineering, Inc., ante,* at ---- - ----, 103 S.Ct., at 3147 - 3149. These inquiries cannot even be made without consideration of the particulars of the judicial proceeding with respect to which disclosure is sought. See also the proposed new Rule 6(e)(3)(E), --- U.S. ----, 103 S.Ct. ----, 75 L.Ed.2d ----, to take effect August 1, 1983.

*U.S. v. Baggot*, 463 U.S. 476, 480, 103 S.Ct. 3164, 3167 (1983) (emphasis added).

Thus, the "judicial proceeding" requirement for disclosure of grand jury material focuses on the "actual use to be made of the material" in the context of "the particulars of the judicial proceeding." The "judicial proceeding" requirement also enables the Court to control the timing, manner, and conditions put upon the disclosure, pursuant to Rule 6(e)(3)(E).

In its opinion in this case, the Tenth Circuit reaffirmed the central role that the "judicial proceeding" requirement plays in limiting disclosures. Quoting *Douglas Oil Co.*, *supra,* the Tenth Circuit reiterated that parties seeking

4

disclosure of matters occurring before the grand jury "must show that the material they seek is needed to avoid a possible injustice <u>in another judicial proceeding</u>." *In re Special Grand Jury 89-2*, 450 F.3d at 1178 (emphasis added). Thus, the Tenth Circuit recognized that Rule 6(e) probably prohibited the relief sought by the former grand jurors.

There is no "judicial proceeding" wherein the former grand jurors seek to avoid a miscarriage of justice. Therefore, the petition should be denied.

### IV. The issue of the Court's "inherent authority"

In its opinion in this case, the Tenth Circuit noted that whether a district court even possesses any "inherent authority" to disclose matters occurring the grand jury was a "delicate issue." *In re Special Grand Jury 89-2,* 450 F.3d at 1178. In light of the fact that the Supreme Court "has not explicitly recognized such authority," the Tenth Circuit determined "it would be unwise for us to resolve this delicate issue on the present record." *Id.* Though the former grand jurors ignore it in their arguments, the Tenth Circuit noted that the Supreme Court, the Advisory Committee's notes to Rule 6, and Wright & Miller all indicate that there is no such "inherent authority":

> To be sure, [the Supreme Court] has recognized that disclosure of grand jury materials is "committed to the discretion of the trial judge," *Pittsburgh Plate Glass Co. v. United States,* 360 U.S. 395, 399, 79 S.Ct. 1237, 3 L.Ed.2d 1323 (1959); but it does not necessarily follow that Rule 6(e) sets no boundaries on that discretion. Although the Court has said that "Rule 6(e) is but declaratory [of the proposition that disclosure is committed to the trial judge's discretion]," *id.,* it also said in the same opinion that "*any* disclosure of grand jury minutes is covered by Fed. Rules Crim. P. 6(e) promulgated by this Court," *id.* at 398, 79 S.Ct. 1237 (emphasis added).

5

> And the Advisory Committee notes state that "Rule 6(e) continues to spell out the general rule of secrecy of grand-jury proceedings *and the exceptions to that general rule.*" Fed.R.Civ.P. 6(e), advisory committee notes, 2002 Amendments (emphasis added); *see also* 1 *Wright & Miller, Federal Practice and Procedure* § 106 ("[R]eliance on the inherent powers doctrine is suspect." (internal quotation marks omitted)).

The reason for Tenth Circuit's hesitancy to hold that courts have an "inherent authority" to go beyond the dictates of Rule 6(e) is that courts are not empowered to legislate. The Supreme Court has very tightly circumscribed the authority of federal courts to ensure that lower courts do not exercise policy-making or legislative authority allocated to Congress. *See, e.g., Touche Ross & Co. v. Redington,* 442 U.S. 560, 99 S. Ct. 2479 (1979) (district court erred in implying a cause of action under securities act when Congress did not expressly provide for one). In an area where Congress has already legislated, courts are particularly prohibited from legislating via statutory interpretation. *Tennessee Valley Authority v. Hill*, 437 U.S. 153, 194 (1978); *Saxbe v. Bustos*, 419 U.S. 65, 80 (1974); *Dist. of Columbia v. Carter*, 409 U.S. 418, 422 (1973); *Maryland v. U.S.*, 381 U.S. 41, 53 (1965); *Commissioner v. Brown*, 380 U.S. 563, 579 (1965); *FTC v. Simplicity Pattern Co.*, 360 U.S. 55, 67 (1959).

In this instance, the Supreme Court and Congress have already settled upon a policy and, by enacting legislation, put it into effect in Rule 6(e). Thus, a district court does not have "inherent authority" to enlarge the disclosure provisions of Rule 6(e) by effectively engrafting onto the Rule the clause "or whenever a court deems that there are special circumstances." To do so would

usurp the policy-making, legislative function of Congress and the Supreme Court.

The former grand jurors' persist in their request that the Court authorize them to publicly disclose grand jury matters under an "inherent authority" rationale. This argument is an attempt to place the Court in a role not as a judge of cases according to the facts and law, but of a legislator or executive weighing public policy and balancing the interests of grand jury secrecy against a generalized and ill-defined "public interest" the former grand jurors aim to serve. Most assuredly, that "serve-the-public-interest" rationale was rejected by Congress and the Supreme Court during the long history of Rule 6, both at its inception and over the course of numerous amendments. In the former grand jurors' view, the "public interest" justifies the disclosures they seek. But a concept as amorphous as "the public interest" gives the Court nothing to weigh the requested disclosures against or to use as a measure of the "need" for the disclosures.

### V.  The proposed procedures for assessing materials

To be clear: the government asserts that no grand jury matters should be disclosed because there is no "judicial proceeding."

If the Court determines otherwise, then the conclusions and procedures suggested by the former grand jurors are seriously flawed, for the following reasons:

**a. Contrary to the former grand jurors' claim, the Tenth Circuit determined that the parties' pleadings are subject to Rule 6(e), with the only exception being "purely legal argument."** A review of the parties' pleadings reveals that they contain representations about testimony and events that occurred before the grand jury. The Tenth Circuit explicitly stated that the parties' pleadings are subject to Rule 6(e), with the sole exception being "purely legal argument," and the circuit court noted that the legal arguments already have been sufficiently disclosed in this Court's and the Tenth Circuit's opinions. *In re Special Grand Jury 89-2*, 450 F.3d at 1175-1176 ("Thus, to the extent that the transcript and proffer from the 1997 sealed hearing disclose grand jury proceedings, they are protected by Rule 6(e). The same goes for the other legal filings in this case.").

**b. The 1997 transcript, the "Turley Proffer," the grand jury's report, and the transcripts of proceedings before the grand jury all contain "grand jury material" and are subject to Rule 6(e).** The former grand jurors' mistakenly assert that these categories are somehow different. They are not. The Tenth Circuit specifically held that "the reproduction of grand jury material in a later proceeding does not remove that material from the protections of Rule 6(e)." *In re Special Grand Jury,* 450 F.3d at1175. Further, the Tenth Circuit explicitly rejected the former grand jurors' argument that exchanges between the grand jurors and prosecutors were not subject to Rule 6(e). *Id.* at 1176 ("Appellants' primary argument appears to be that what we might call

8

administrative matters, such as exchanges between grand jurors and prosecutors concerning the grand jury's investigation, are not so covered. We are not persuaded.").

**c. The former grand jurors' must identify which documents they want to disclose, to whom the document would be disclosed, why disclosure is needed, and why disclosure outweighs the public interest in secrecy.** The former grand jurors want to put the burden upon the government to object to the disclosure of hundreds of pages of documents, including the 1997 transcripts and all of the transcripts of proceedings before the grand jury. That is backwards. The party seeking disclosure has the responsibility of identifying which documents they want released and what justifies disclosure as to each document. *Douglas Oil Co.,* 441 U.S., at 223.

Further, the former grand jurors should be required to identify for each document whether the document shows the commission of a crime or the violation of a Rule of Professional Conduct by Chief Finesilver or former prosecutors. The former grand jurors interchangeably allege "bad acts," "misconduct," "serious misconduct," "possible criminal conduct," "obstruction." and "unethical" conduct. Instead of vague, conclusory allegations, the former grand jurors should be required to identify with particularity which crimes were allegedly committed and which Rules of Professional Conduct were allegedly violated, and by whom. This will highlight for the Court whether or not there is a reasonable basis to conclude that a crime or ethic violation was committed, or, as

the government has argued, that the former grand jurors' complaints might more accurately be characterized as a disagreement about the proper course of events between people all trying to do their jobs in a difficult case. Further, as part of establishing the "need" for the disclosures, they should be required to articulate whether the statute of limitations has run on any enforcement action, and, if not, why not.

The time periods for review of the documents suggested by the former grand jurors are too short for the task. They suggest 14 days for one party, followed by 30 days for the other party. More time would be needed.

**d. The issue of disclosing the grand jury report was already decided by Chief Judge Finesilver against disclosure.** No one appealed Chief Judge Finesilver's ruling, and his decision to not release that report is final.

**e. The former grand jurors' request for "a written decision affirming the role of both the grand jury members and prosecutors in the grand jury process" is – as the Tenth Circuit explicitly noted – a request for an advisory opinion, and it should be denied.** The former grand jurors have renewed their request for "a published opinion that would address fundamental aspects of this controversy." Petitioners' Statement of Relief, pp. 8, 18. The Tenth Circuit already decided that this request was improper. *In re Special Grand Jury 89-2*, 450 F.3d at 1171 ("Perhaps the request for findings by the district court regarding Appellants' allegations of wrongdoing amounts to a request for an advisory opinion, because it is not apparent how such nonbinding findings or

10

recommendations would affect anyone's rights or duties under the law.").

Respectfully submitted on January 29, 2007.

>Troy A. Eid
>United States Attorney
>
>s/ John Haried
>John Haried
>Assistant United States Attorney
>1225 Seventeenth Street, Suite 700
>Denver, Colorado 80202
>Phone: (303) 454-0100
>Email: john.haried@usdoj.gov

11

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 29TH day of January, 2007, I electronically filed the foregoing **Government's Statement Regarding Procedures on Remand** under seal with the Clerk of the Court using the CM/ECF system, and sent notification of such filing to opposing counsel at the following e-mail addresses and by fax:

Bette K. Bushell
bkbesq@ecentral.com

Jonathan R. Turley
jturley@law.gwu.edu

                                                        s/John Haried
                                                       John Haried
                                                       Assistant United States Attorney