**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**
Judge Richard P. Matsch

IN RE                                                                 96 Y 203

SPECIAL GRAND JURY 89-2                                FILED UNDER SEAL

PETITIONERS' LIST OF PLEADINGS TO UNSEAL

The former members of Special Grand Jury 89-2 ("the Petitioners"), through counsel Jonathan Turley, submit the following proposed list of documents for unsealing pursuant to the Court's order of February 14, 2007.

The government has agreed that the following documents can be unsealed without disclosing grand jury matters: Documents 4,5, 9-10, 13, 15, 16, 21-39, 41, 48, 49, 55, 58-65, 68, 69, 71-75, 90, 92, 93-99, and 102-112. Accordingly, Petitioners will not address these documents as uncontested. Nor will the Petitioners address Mr. Peck's filing which does not seek the unsealing of virtually any specifically identified documents. Largely using sweeping categories of documents for release, the Peck filing does not offer any meaningful distinction or analysis of the specific documents currently under seal.[1] However, there are many reserved documents that the government would continue under seal for no apparent reason. While any reserved documents can certainly be considered in a secondary redaction review stage, there are obviously many documents that should be released with the first group as devoid of sensitive or Rule 6(e) material.

---

[1] Mr. Peck apparently does not seek the specific unsealing of most of the documents on the docket and does not contest the government's proposal to keep many of these documents under seal. Mr. Peck's cursory list includes broad categories such as "court criminal docket for Case No. 96-Y-203," that go beyond the purpose of the Court's order. We were seeking

**Documents 1-3**

The first three documents on the docket are the Petition, Supporting Memorandum, and procedural order. The first two documents were written by lead counsel before he was given authority by the Court to interview each former grand juror on what occurred during the grand jury proceedings.[2] Thus, these documents were written entirely from information in the public record or outside of the scope of Rule 6(e). There was never a claim that counsel had received or disclosed Rule 6(e) material in these filings – which were publicly available and reviewed by the media.

**Documents 6-8**

The first two documents in this group concern the authority to discuss Grand Jury material and the Court's subsequent order. The third document (#8) is a filing on behalf of Rockwell. It is unclear why the government believes these filings constitute Rule 6(e) material since they contain information that is either purely procedural or publicly known.

**Documents 11-12**

Document 11 is the government's response to Petitioners' original filing. It is largely legal argument and does not contain sealed information that would be barred under Rule 6(e). Document 12 contains exhibits to this response, which are also not Rule 6(e) material.

**Document 14**

This document is the record of the minutes of the January 1996 hearing. It does not contain any plausible Rule 6(e) information and contains Court's order for the filing of the Turley Proffer – a fact already made public in the Court's earlier opinion and public hearing.

---

documents that could be easily released at this juncture before dealing with matters of redaction or Rule 6(e) prohibitions.

[2] While Ms. Manley played a significant role in the Petition, Ms. Bushell did not substantively contribute to these filings and thus could not have supplied any personal knowledge of Mr. Peck's role in the drafting of the Petition.

-- 2 –

**Documents 17-20**

Document 17 is the record of the minutes of the status conference in March 1997 and does not contain any Rule 6(e) information that warrants a continued seal.  Document 18 is the government's response, which is obviously without any sensitive or Rule 6(e) content. Indeed the document is a three-page highly generalized objection to the Turley Proffer.  Document 19 is the order for the hearings held in 1997 – again a fact that was previously disclosed by the Court.

**Document 40**

Document 40 contains the minutes from a conference on the status of Mr. Peck after Petitioners' sought to sever Mr. Peck soon after they discovered a serious and previously unknown ethical problem related to Mr. Peck.  As soon as Mr. Turley and Ms. Manley learned of this problem, they moved to sever both Mr. Peck and Ms. Bushel from the Petitioners.  The underling problem was not disclosed at that time and the document in entirely devoid of Rule 6(e) relevance, let alone material.

**Document 42-43 & 45**

Again, it is entirely unclear why this material would be withheld under seal by the government.  These are purely procedural motions to secure the release of transcripts, including the resulting order (#45) to show cause why such a release should not occur.  Document 46 is the response to that show cause order – as is Document 47.

**Document 44**

This is the transcript of the September 14, 1997 status conference and does not contain any plausible Rule 6(e) material.

**Document 50**

This document is merely the order releasing the transcripts and does not contain any protected information under Rule 6(e).

**Documents 51-52**

Document 51 is a standard motion for access to transcripts of the 1997 testimony that does not contain Rule 6(e) material and Document 52 is the order denying this motion which obviously does not contain Rule 6(e) material. Rockwell's interest in seeing the transcripts is neither surprising nor damaging if made public.

**Document 53**

Why the government wants to keep a routine motion seeking the withdrawal of counsel, Ms. Joan Manley, is entirely unclear. Ms. Manley became a high-ranking government attorney and thus could not continue in the case. It has no relevance to any Rule 6(e) or other justification for sealing.

**Document 54**

This document concerns Petitioners' effort to secure Rule 11 sanctions against Mr. Peck and Ms. Bushell. It does not concern Rule 6(e) material or proceedings and constitutes a document normally filed in the public domain. Notably, while the government seeks to keep this document under seal, it would allow the release of Document 55, which is the motion for the sanctions.

**Documents 56-57**

Document 56 is a memorandum on the procedures for dealing with the remaining issues in the case and Document 57 is the accompanying motion for such procedures. These documents do not contain Rule 6(e) material.

**Documents 66-67 & 70**

These documents cover many of the same issues as the Turley Proffer and should be re-considered after the Court determines whether the Turley Proffer and 1997 Transcripts will be released in whole or in part.

**Documents 76-90**

The government appears to indicate that it would keep all of the appellate filings under seal, even though only a few briefs deal with Rule 6(e) matters. It is not clear whether the government views the appellate material as outside of the Court's Order. However, it is important to note that most of these filings deal with the procedural issues surrounding the dismissal of the case under the criminal notice provision – entirely removed from any sensitive or Rule 6(e) material. Moreover, the Tenth Circuit Court of Appeals decided to conduct oral arguments in open court, so the legal arguments and policy arguments were made part of the public record. Even on the merits, the vast majority of the appeal turned on threshold legal questions and not the content of either the Turley Proffer or the 1997 Transcripts.

**Document 100-101**

Document 100 is the Petitioners' Statement of Relief, which was crafted in very general terms to avoid any protected Rule 6(e) material – much like the Turley Proffer. There is no reason this document cannot be released immediately. Document 101 does contain plausible Rule 6(e) material and should be held for later reconsideration. Petitioners also agree with the government that the Peck Affidavit should remain under seal due to its heavy reliance on Rule 6(e) material.

**Document 113**

These are merely the minutes of a public hearing and obviously should be unsealed.

**Document 114**

The Court has already indicated that it is appropriate to grant public access to this hearing – and presumably the transcripts.

**Document 115**

While Petitioners understand the Court's decision to temporarily place this filing under

-- 5 –

seal, the names of these individuals are already part of the public record and each has already publicly discussed their involvement in the case.

### Document 118

This is a procedural order that should be made part of the public record to allow public access to the greatest degree possible. The order would give the public some idea of the development of the case.

### Document 119

This is a purely housekeeping order that should not be sealed.

### Document 121

The government's reply is only two pages of docket entries. No Rule 6(e) or sensitive material is contained in the document.

### Document 123

Mr. Peck's list of documents is only two pages and refers to large portions of the record in generic terms such as "all orders of the Court in the matter." It does not substantively address any documents beyond Mr. Peck's own affidavit, which should remain under seal for the reasons stated previously.

### Document 124 & 126

This is merely a motion for extension of time and should not be sealed. The resulting order (#126) granting the motion should also be unsealed.

### Document 125

This document can also be reserved for consideration following the Court's determination on the status of the Turley Proffer and the 1997 Transcripts.[3]

**Document 127**

This is a motion to withdraw as Mr. Peck's counsel following Mr. Corry's incarceration for sexual assault. It has nothing to do with any Rule 6(e) material.

**Documents 128-129**

These documents include a routine motion for extension of time and an order granting that motion.  Neither warrants a court seal.

Given the foregoing analysis of the record, only a handful of documents that the government wants to remain under seal warrant such protection. Indeed, some of the documents proposed by the government for unsealing appear to contradict those that it would keep under seal, such as documents 54 and 55.  Petitioners propose the unsealing of all of the foregoing material – with the exception of the clearly sensitive documents.  These remaining documents obviously include the Turley Proffer and the 1997 Transcripts, all material from the original Special Grand Jury and docket preceding this case, and documents identified above (including documents 66, 67, 70, 101, and 125.  Petitioners believe that virtually all of their appellate filings and those of the government's should be also unsealed.[4]  They are willing, however, to address those filings separately if they were not within the scope of the Court's January Order.

Petitioners respectfully propose that any documents kept under seal should be reconsidered after the Court determines the status of the Turley Proffer and 1997 Transcripts. Finally, Petitioners believe that this document should be unsealed.  While Petitioners sealed the instant filing due to the general description of the sealed documents, there is no compelling

---

[3]   Petitioners have not received this document at the time of this filing and were unable to get access through the Clerk or computer system.

[4]   Only the actual briefs on the merits raised Rule 6(e) questions.  Nevertheless, even Petitioners' briefs adopted the same general language as the Turley Proffer and should not raise serious Rule 6(e) barriers to public access.  Mr. Peck's briefs arguably contain Rule 6(e) material that would have to be reconsidered after the status of the Turley Proffer and 1997

reason to keep this filing under seal.

                                      Respectfully submitted,

                                      s/Jonathan Turley
                                      Jonathan Turley
                                      2000 H St., N.W.
                                      Washington, D.C. 20052
                                      (202) 994-7001
                                      Counsel for Appellants

---

Transcripts are resolved.  Both the Turley Proffer and 1997 Transcripts were part of the Appellate record.

-- 8 –

-- 9 –

CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that, on February 23, 2007, true and correct copies of the foregoing proposed list was electronically filed with the clerk of court using the CM/ECFsystem.

Notification was sent via e-mail by the system to the following individuals.

Troy Eid, Esq.
John Haried
U.S. Attorney for the District of Colorado
1225 17th Street
Suite 700
Denver Colorado, 80202

Bette K. Bushell, Esq.
Bushell & Peck, L.L.C.
303 East Seventeenth Avenue
Suite 350
Denver, Colorado  80203

    s/Jonathan Turley
Jonathan Turley
2000 H St., N.W.
Washington, D.C. 20052
(202) 994-7001

Counsel for Appellants