UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Richard P. Matsch

Miscellaneous Action No. 96-Y-00203-RPM

In re Special Grand Jury 89-2

---

MEMORANDUM OPINION AND ORDER

---

The history of this controversy was summarized by the Tenth Circuit Court of Appeals in the opinion appearing at *In re Special Grand Jury 89-2,* 450 F.3rd 1159 (10th Cir. 2006). Following the mandate for compliance with that opinion, this Court on September 25, 2006, issued an order for further proceedings after remand. The Petitioners' Statement of Relief (Doc. 100), filed on November 14, 2006, by Jonathan Turley on behalf of 17 persons who were members of Special Grand Jury 89-2, requested public release of three sets of sealed material: (1) the legal filings of the petitioners who were appellants in the appeal and the responsive filings from the Government; (2) the Attorney Proffer of Mr. Jonathan Turley on Behalf of Members of Special Grand Jury 89-2 ("Turley Proffer") attached to the Petitioners' Statement of Relief, filed under seal on June 23, 2003, outlining proposed testimony to be given by former grand jurors at a requested sealed hearing in accordance with the Court's earlier direction together with the transcripts of that testimony, given *in camera* before United States Magistrate Judge Patricia Coan in July and August, 1997; and (3) excerpts from the grand jury transcripts relating to that testimony and the sealed portions of a report prepared by the Special Grand Jury.

Kenneth Peck separately filed a sealed memorandum brief regarding requested relief, citing his duty as an attorney-at-law in Colorado to disclose to appropriate authorities his knowledge of matters that occurred in the grand jury room which he considered to be unprofessional conduct by counsel and the judge who impaneled the Special Grand Jury.

The Government's Statement Regarding Procedures on Remand, filed under seal on January 29, 2007 (Doc. 110), with a motion to seal on January 29, 2007, sought an order denying any further proceedings because the Petitioners and Mr. Peck failed to show a particularized need for disclosure as required by Fed.R.Crim.P. 6(e)(3)(E)(i).

At a hearing held on February 1, 2007, the Court rejected the Government's position, denied the motion to seal Document 110, directed the Government to supplement its response and provided time for a reply. The Court also directed the parties to list pleadings which should be unsealed.

After obtaining an extension of time, the Government filed its brief, designated Government's Brief Addressing the Turley Proffers, Allegations of Prosecutorial Crimes and Professional Misconduct on June 1, 2007 (Doc. 137) and a sealed portion of its brief (Doc. 138) containing explicit references to grand jury material. The Government also submitted multiple attachments including a copy of Judge Finesilver's[1] Order Regarding Release of Grand Jury Documents, entered January 26, 1993, releasing a redacted version of the Grand Jury Report including the Government's responses. The

---

[1] Sherman G. Finesilver served as Chief Judge of this Court during the Special Grand Jury's term. He retired from the Court in 1994 and died in 2006.

Government also attached copies of public disclosures from former Grand Jurors in multiple publications, including a book "The Abused Grand Jury" published in 2004 co-authored by Wes McKinley and Caron Balkany, Esq. Mr. McKinley was the foreman of the Special Grand Jury. The attachments included a copy of the report of Representative Howard Wolpe, Chairman of the Subcommittee on Investigations and Oversight of the House Committee of Science, Space and Technology, dated January 4, 1993, entitled "The Prosecution of Environment Crimes at the Department of Energy's Rocky Flats Facility."

The attachments to the sealed portion of the Government's brief are the transcripts of the Grand Jury proceedings relevant to the allegations made in the Turley Proffer.

The Petitioners submitted a reply brief on July 18, 2007 (Doc. 168), objecting to consideration of the sealed portion of the Government's brief and any consideration of the Grand Jury transcripts which they have not seen.

Following the instructions from the Tenth Circuit Court of Appeals, this Court has reviewed both the sealed and unsealed filings to determine whether the Petitioners and Mr. Peck have made a sufficient showing to authorize disclosure under Fed.R.Crim.P. 6(e)(3)(E)(i) permitting disclosure of a grand jury matter preliminarily to or in connection with a judicial proceeding. In addressing that issue, this Court has been guided by the opinions of the Tenth Circuit Court of Appeals appearing as *In re Special Grand Jury 89-2,* 143 F.3d 565 (10th Cir. 1998) and *U.S. ex rel. Stone v. Rockwell International Corporation,* 173 F.3d 757 (10th Cir. 1999). Those opinions addressed this Court's orders for release of transcripts of the testimony of witnesses before the Special Grand

3

Jury who were to appear as trial witnesses in the trial of a false claims act case based on events which were the subject of the Special Grand Jury investigation.

In the first cited opinion, the Appellate Court reversed this Court's order for disclosure of transcripts for failure to balance the public interest in safeguarding the confidentiality of grand jury proceedings against the particularized need for disclosure. This Court was instructed to conduct an *in camera* review of requested transcripts to determine particularized need and to confine disclosure to those portions related to the need.  143 F.3d at 573.

In the second cited opinion, addressing this Court's orders releasing certain transcripts during trial of the *qui tam* action, the Appellate Court directed this Court to comply with the following procedure for the release of any further grand jury testimony during the trial:

> 1.  The witness must be called to testify and, as the district court previously ordered, counsel should advise the district court twenty-four to forty-eight hours in advance of such testimony if such witness has previously testified before the grand jury.
>
> 2.  Once the witness has given testimony which gives rise to a particularized need for the release of a grand jury transcript, counsel must make a record of the particularized need as either for the purpose of impeachment or refreshment of memory.  No grand jury testimony is to be released for the purpose of a fishing expedition or to satisfy an unsupported hope of revelation or useful information;
>
> 3.  Once the district court is satisfied that a particularized need has been articulated by counsel, the court shall, from its *in camera* review of the relevant grand jury testimony, determine where in the testimony the particularized need is supported;
>
> 4.  The district court shall state on the record, and with specificity, why the particularized need has been established;

>     5.  Once the particularized need has been determined, the district court must conduct a balancing test to determine whether the particularized need outweighs the need for secrecy;
>
>     6.  Once the balancing test is completed, any order for release of grand jury transcripts must be narrowly tailored to reflect that the pages or lines released speak only to the established particularized need.

173 F.3d at 759-760.  As justification for directing that laborious process, the court cited to *United States v. Sells Engineering, Inc.*, 463 U.S. 418 (1983), in which Justice Brennan wrote an extensive review of the history of Rule 6(e) and the policies supporting its limitations on disclosure of grand jury material.

As the Government has observed in its response brief, the Petitioners and Mr. Peck have not shown that there are any judicial proceedings which would meet this special requirement under the rule.  At best, this Court has been requested to release the Turley Proffer and the transcripts of petitioners' *ex parte* testimony before the Magistrate Judge upon the possibility that there may be future legal proceedings of some type and that Congress may take renewed interest in this matter.  Mr. Peck suggests that he has a duty to initiate quasi-judicial disciplinary proceedings.  The public disclosures already made would appear to be sufficient for him to request an investigation.  The attorneys now representing the Government would themselves have a corresponding duty to request permission for disclosure for that purpose.

None of the attorneys now representing the Government in this matter had any role in or connection with these Grand Jury proceedings.  There is nothing to warrant any inference that they are engaged in any continuing coverup regarding Rocky Flats or in the conduct of the Grand Jury proceedings.  Notably, in the course of these proceedings initiated by these former Grand Jurors, the Government has been

represented by a United States Attorney appointed by President Clinton and two different United States Attorneys appointed by President George W. Bush exercising their judgment with respect to the matters under consideration. It also appears that during the course of the Grand Jury proceedings, the attorneys appearing before the Special Grand Jury were acting under instructions from higher ranking officials within the Department of Justice under an administration that was then replaced by officials appointed by other political leaders, all of whom have had access to non-public information regarding the Rocky Flats Plant, the Special Grand Jury and the criminal prosecution. That information includes the sealed transcripts of the *ex parte* testimony before Magistrate Judge Coan. This Court is unwilling to proceed on the assumption that all of those who have had responsibility in connection with this matter were motivated by any purpose other than their professional responsibility to protect the public interest in the secrecy of grand jury proceedings.

Assuming the former Grand Jurors had passed the threshold requirement of a pending judicial proceedings, the Turley Proffer and the transcripts of former Grand Jurors' *ex parte* testimony fail to demonstrate the particularized need for the disclosures of excerpts of Grand Jury transcripts that are requested.

In the Tenth Circuit opinions previously cited, the importance of the policy protecting the secrecy of grand jury proceedings was emphasized repeatedly. This Court is obliged to respect that view. This Court has made a preliminary review of those transcripts in the manner directed by the Tenth Circuit quoted above. Much of what these former Grand Jurors wish to disclose concerning the conduct of the Department of Energy and Rockwell International Corporation at Rocky Flats was fully disclosed in

6

the public trial of the *Stone* case. That trial was reviewed by the Tenth Circuit Court of Appeals in *U. S. ex rel Stone v. Rockwell International Corp.,* 282 F.3d 787 (10th Cir. 2002) and again in *U.S. ex rel Stone v. Rockwell International Corp.,* 92 Fed. Appx. 708 (10th Cir. 2004) and ultimately by the United States Supreme Court in *Rockwell International Corp. v. United States,* 127 S.Ct.1397, 75 U.S.L.W. 4138 (March 27, 2007). The public has access to that trial record. Yet there are underlying purposes for maintaining the confidentiality of the grand jury proceedings that have not been eroded by the passage of time or by the fact that much of the subject matter has been disclosed in other proceedings.

A major contention of the Petitioners is that the report the Special Grand Jury prepared should have been made public without redaction. Access to that original report was the subject of a motion filed by Denver Publishing Company, doing business as the *Rocky Mountain News,* and Combined Communications Corporation, doing business as KUSA-TV, Inc., denied by Judge Finesilver in an opinion published as *In re Grand Jury Proceedings, Special Grand Jury 89-2,* 813 F. Supp. 1451 (D. Colo. 1992). That opinion adequately addressed the issues and defined the proper role of the Special Grand Jury convened under 18 U.S.C. § 3331, particularly the report authorized by § 3333. The Government's brief has acknowledged that a copy of the original report has been available on the Internet.

The statute required the Court to examine the report and limit the filing as a public record under the statutory criteria. Judge Finesilver met that responsibility and exercised his judgment in the matter. There was no appeal.

The Petitioners' Statement of Relief, filed November 14, 2006, requested release of the legal filings in this case and at the hearing on February 1, 2007, the Court directed the parties to submit specific statements concerning pleadings that may be unsealed. They have done so and this order gives direction to the Clerk as to the documents now to be made public.

The final request by the Petitioners is for a written decision "affirming the role of both the grand jury members and prosecutors in the grand jury process–specifically addressing such basic points as the fact that grand jurors are not required to ask questions in a legally correct form." This Court originally rejected the Petitioners' request for relief as calling for an advisory opinion. The Tenth Circuit Court of Appeals addressed that question at length in the opinion reversing this Court's order. After noting the specific requests for relief as presenting a concrete dispute, which this Court has now addressed, the Appellate Court observed that the request for findings regarding appellants' allegations of misconduct may amount to a request for an advisory opinion because it is not apparent how non-binding findings or recommendations would affect anyone's rights or duties under the law. 450 F.3d at 1171. That correctly states the deficiency in this aspect of the Petitioners' Statement of Relief. The persons whose conduct has been criticized and challenged are individuals who are not before the Court and who have protectable interests in their privacy and in the integrity of their professional reputations. The fundamental fairness inherent in the due process clause of the Fifth Amendment prevents this Court from making any findings and conclusions concerning the allegations made by the Petitioners and Mr. Peck.

Additionally, there is no need for this Court to define the respective roles of grand juries and prosecutors in grand jury proceedings. That was done with great clarity by Justice Brennan in *Sells Engineering, supra*:

> The purpose of the grand jury requires that it remain free, within constitutional and statutory limits, to operate "independently of either prosecuting attorney or judge." Stirone v. United States, 361 U.S. 212, 218, 80 S.Ct. 270, 273, 4 L.Ed.2d 252 (1960) (footnote omitted). Nevertheless, a modern grand jury would be much less effective without the assistance of the prosecutor's office and the investigative resources it commands. The prosecutor ordinarily brings matters to the attention of the grand jury and gathers the evidence required for the jury's consideration. Although the grand jury may itself decide to investigate a matter or to seek certain evidence, it depends largely on the prosecutor's office to secure the evidence or witnesses it requires. The prosecutor also advises the lay jury on the applicable law. The prosecutor in turn needs to know what transpires before the grand jury in order to perform his own duty properly. If he considers that the law and the admissible evidence will not support a conviction, he can be expected to advise the grand jury not to indict. He must also examine indictments, and the basis for their issuance, to determine whether it is in the interests of justice to proceed with prosecution.

463 U.S. at 430 (footnotes omitted).

The entire record made in the course of this proceeding suggests that the members of this Special Grand Jury have been under a misconception of the powers and duties of a Special Grand Jury prescribed by 18 U.S.C. § 3332 and the purpose of a report issued under § 3333. The misapprehension apparently began with the instructions given at the impaneling of the Special Grand Jury. Those instructions rather extravagantly emphasized the independence of the jurors and, unfortunately, included the following:

> By the terms of the Constitution, and you are part of the constitutional body now, ladies and gentlemen, you may also make a presentment directly to the Court.

> Presentment is an accusation initiated by the grand jury itself without any formal charge or written indictment having been submitted by the government. It must be followed by an indictment.

That statement was in error as Judge Finesilver pointed out in a direct colloquy with the Grand Jurors at a later time. While a presentment is indeed mentioned in the Fifth Amendment in the disjunctive with an indictment, the statutory authority of a grand jury which once was in 18 U.S.C. § 3361 and is now found in Fed.R.Crim.P. 7 requires that felony charges be alleged in an indictment signed by an attorney for the Government. The formalities of an indictment, including the specifics of the citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated are requirements which, if not followed, will result in dismissal. The tone of Mr. McKinley's book reflects a view of the role of this Special Grand Jury as being more in tune with the frontier tradition of a committee of vigilance than a statutorily authorized agency exercising governmental authority within the restraints of procedure for the protection of those whose interests may be affected by the results.

The Tenth Circuit Court of Appeals instructed this Court to consider whether the Petitioners have presented such special circumstances as would warrant the exercise of inherent authority to grant relief beyond the limitations of Rule 6. Assuming the existence of such authority, there is no basis for its exercise in this matter.

Upon the foregoing, it is

ORDERED that the Petitioners' Statement of Relief and Grand Juror Kenneth Peck's Memorandum Brief Regarding Requested Relief (Docs. 100 and 101) are denied as to all relief requested with the exception that it is

FURTHER ORDERED that the pleadings and orders in this action previously filed under seal are now to be made public, except the following documents which shall remain under seal:

| Doc. No. | Date filed | Description |
| --- | --- | --- |
| 1 | 8/1/1996 | Exhibits A through E to Petition of Members of Special Grand Jury 89-2 |
| 2 | 8/1/1996 | Petitioners' Memorandum |
| 8 | 9/23/1996 | Rockwell's Response to Petition |
| 11 | 10/10/1996 | USA's Response to Petition |
| 12 | 10/10/1996 | Exhibits to USA's Response [Doc. 11] |
| 44 | 9/25/1997 | Transcript of 9/24/97 *in camera* status conference |
| 66 | 6/23/2003 | Petitioner's Statement of Relief |
| 67 | 6/24/2003 | Grand Juror Kenneth Peck's Statement Regarding Requested Relief |
| 70 | 8/01/2003 | Government's Consolidated Response to Petitioner's Statement for Relief |
| 80 | 6/16/2004 | Exhibit A to Grand Juror Kenneth Peck's Motion to Supplement the Record (Reporter's Transcript of Closed Hearing on 8/21/97 before Magistrate Judge Coan) |
| 83 through 87 | 6/24/2004 | Reporter's Transcript of closed proceedings held before Magistrate Judge Coan on 7/2/97; 7/3/97; 8/20/97, and 8/21/97 |
| 101 | 11/14/2006 | Grand Juror Kenneth Peck's Memorandum Brief Regarding Requested Relief and attachments |
| 120 | 02/12/2007 | Grand Juror Kenneth Peck's Memorandum Concerning Documents to be Made Public |
| 138 | 6/01/2007 | Sealed Portion of the Government's Brief Addressing the Turley Proffer's Allegations of Prosecutorial Crimes and Professional misconduct |

| 142 through 151 | 6/4/2007 | Exhibits attached to Government's brief [Doc. 138] |
| 153 | 6/4/2007 | Exhibit attached to Government's brief [Doc. 138] |

DATED: May 5, 2008

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Judge